BLD-063                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3656
_____

HARRY L. BECKETT,
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
PRISON HEALTH SERVICE SERVICES, P.H.C.A.;
MARY L. SHOUWALTER,
REGISTERED NURSE/COORDINATOR HEALTH CARE ADMINISTRATOR;
DR. OLGA BEREGOUSKAYA, MEDICAL DIRECTOR;
PHYSICIAN ASSISTANT DAWN MILLS;
ANGIE AULTMAN, PHYSICIAN ASSISTANT;
LYNN ALBRIGHT; WILLIAM RANDOLPH; JOHN/JANE DOE
UNKNOWN EMPLOYEES OF PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-10-cv-00050)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: January 7, 2015)

_____

OPINION[*]

_____

PER CURIAM

Harry L. Beckett, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to the defendants. For the reasons set forth below, we will summarily affirm.

I.

Beckett claims that the defendants violated various state and federal laws and his constitutional rights by failing to properly treat his chronic medical condition. Beckett's allegations focus primarily on the defendants wrongfully denying him medical showers— i.e., longer hot showers—and the use of a cane. The District Court discussed Beckett's pertinent medical records, which go back as far as 1996, in detail, and we need not repeat that exposition here. In sum, although for most of this period medical staff authorized Beckett's medical showers, these orders were occasionally rescinded or altered, often within short periods of time. Indeed, on at least one occasion an order for medical showers was issued and rescinded in the same day. Beckett's authorization to use a cane also varied over time.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After accepting Beckett's amended complaint, the District Court granted his motion for appointment of counsel, and two pro bono attorneys agreed to represent him. The District Court then granted the defendants' motions to dismiss in part, removing several claims and parties from the action. After extensive discovery, the defendants moved for summary judgment, arguing that Beckett's remaining claims were barred by the statute of limitations, failed on the merits, and failed because Beckett did not exhaust his administrative remedies.

The District Court granted summary judgment on some claims based on the statute of limitations and on the remaining claims based on the merits. Beckett timely filed a notice of appeal. His pro bono counsel then withdrew from the case because they found no successful basis for an appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal and summary judgment orders is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (motion to dismiss). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled

3

to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

At the motion to dismiss stage, the District Court properly disposed of several of Beckett's claims. First, the District Court correctly held that the Eleventh Amendment barred Beckett's claims for money damages against Department of Corrections' defendants in their official capacities, as well as Beckett's claim for injunctive relief against the Department of Corrections. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The District Court then relied on sovereign immunity to dismiss Beckett's pendent state law claims against the Department of Corrections. The Commonwealth of Pennsylvania has not waived sovereign immunity for such claims; accordingly, dismissal was proper. See 42 Pa. Cons. Stat. § 8522; McCool v. Dep't of Corr., 984 A.2d 565, 570 (Pa. Commw. Ct. 2009).

Turning to the medical defendants, the District Court dismissed Prison Health Services, Inc., from the case because Beckett failed to allege that it was personally involved in any of his claims. This rule is well-established. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (collecting cases). Finally, the District Court dismissed Beckett's claims under the Americans with Disabilities Act because his alleged treatment did not fall within the statute's prohibitions. See 42 U.S.C. § 12132; Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA "would not be violated

4

by a prison's simply failing to attend to the medical needs of its disabled prisoners."). We perceive no error with the District Court's dismissals and Beckett raises none.

After extensive discovery, the District Court granted summary judgment to the defendants on some of Beckett's claims because he filed his lawsuit too late. We agree. For § 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (internal quotation marks omitted). Beckett brought this action in January 2010. As such, the District Court ruled that any claim that arose before January 2008 was time barred, rejecting Beckett's argument that all of his claims were timely under the continuing violations doctrine.

The continuing violations doctrine is an equitable exception to the limitations period, which provides that, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)). Three factors guide whether to apply the continuing violations doctrine:

> (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated

5

incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Id. As to the third and most important factor, "we must consider the policy rationale behind the statute of limitations. That is, the continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." Id. at 292, 295.

As the District Court noted, Beckett's grievances indicate that he was aware that he had a claim at least by March 2007. Indeed, Beckett stated that he could have filed a lawsuit in the 1990s to stop the defendants' conduct related to his medical treatment, but did not do so. While it is true that Beckett continued to have issues with his medical treatment, the "continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Kichline v. Consol. Rail. Corp., 800 F.2d 356, 360 (3d Cir. 1986). As to most of the alleged wrongdoing in this case, Beckett chose to forego his remedy. The continuing violations doctrine is not a license to tack untimely claims onto timely claims. See Cowell, 263 F.3d at 294-95. Accordingly, we agree with the District Court that the statute of limitations bars any of Beckett's claims arising out of conduct before January 2008.

We also agree that Beckett's timely claims fail on the merits. "[D]eliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment.

6

Estelle v. Gamble, 429 U.S. 97, 104 (1976). Medical malpractice or negligence, however, does not violate the Eighth Amendment. Id. at 105-06. The deliberate indifference "test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

Although Beckett's treatment changed over time, often against his wishes, the record indicates that his treatment reflected exercises of sound medical judgment, not deliberate indifference. Beckett has offered no evidence from which a reasonable juror could conclude that the defendants intentionally refused to provide needed treatment, delayed necessary treatment for a non-medical reason, prevented Beckett from receiving needed or recommended treatment, or persisted in a particular course of treatment "in the face of resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Accordingly, Beckett's Eighth Amendment deliberate indifference claims fail on the merits.

### III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.